IN THE DISTRICT COURT OF KINGFISHER COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JOE COX and MANDY COX, | ) |
| Plaintiffs, | ) |
| v. | ) Case No: CJ-2020-1 |
| BOARD OF COMMISSIONERS OF THE COUNTY OF KINGFISHER, and DENNIS BANTHER, individually and in his official capacity as Kingfisher County Sheriff | ) **JURY TRIAL DEMANDED** ) **ATTORNEY LIEN CLAIMED** |
| Defendants. | ) |

Kingfisher County Oklahoma
**F I L E D**
JAN 1 6 2020
LISA MARKUS, COURT CLERK
BY _____ DEPUTY

## PETITION

COMES NOW Plaintiffs Joe Cox and Mandy Cox by and through their counsel and for their causes of action hereby alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Joe Cox is a male resident and citizen of Kingfisher County, Oklahoma.

2. Joe Cox was an employee of the Kingfisher County Sheriff's Office for four years, beginning January 1, 2015 and until his discharge on April 24, 2019.

3. Plaintiff Mandy Cox is a female resident and citizen of Kingfisher County, Oklahoma.

4. Mandy Cox was an employee of the Kingfisher County Jail administrator for approximately six (6) years, beginning in April 2013 and until August 2019. Mandy Cox served as jail administrator from approximately October 2017 until she was placed on

EXHIBIT 2

administrative leave on or about May 14, 2019 and subsequently terminated from her employment, effective August 31, 2019.

5. Defendant Board of Commissioners of the County of Kingfisher (the "Board") is the duly elected and constituted governing body of Kingfisher County, Oklahoma. The Board has the power to sue and be sued.

6. The Board administers and oversees the governmental functions of Kingfisher County, Oklahoma. Among the governmental functions that the Board oversees and administers are the functions of the Kingfisher County Sheriff's Office.

7. At all relevant times, Defendant Dennis Banther ("Banther") was the duly elected Kingfisher County Sheriff. Defendant Banther had administrative responsibility for Kingfisher County Sheriff's Office employees, including deputy sheriffs and jail employees. At all relevant times, Defendant Banther was acting in his official capacity and individual capacity.

8. Pursuant to 51 O.S. § 156, on August 1, 2019, Joe and Mandy Cox gave proper notice in accordance with the Governmental Tort Claims Act. The Kingfisher County Clerk received the tort claim notice on August 5, 2019.

9. More than 90 days have elapsed since Joe and Mandy Cox filed their tort claim. Therefore, it is deemed denied. Not more than 180 days have passed since said claim was deemed denied.

10. Defendants' actions alleged herein and giving rise to this action all occurred within Kingfisher County, Oklahoma.

EXHIBIT 2

11. Venue and jurisdiction are proper in the District Court of Kingfisher County as all or the substantial part of the events or omissions giving rise to this action occurred in the County of Kingfisher in the State of Oklahoma, and this is a civil action seeking relief in excess of $75,000.

## FACTUAL ALLEGATIONS

### I. Plaintiffs' Association with Sheriff Candidate J.J. Stitt

12. J.J. Stitt ("Stitt") was a reserve sheriff deputy. Stitt was Plaintiff Joe Cox's partner in the Kingfisher County Sheriff's Office.

13. Stitt and Plaintiffs are co-owners of Blue Country Firearms LLC, a gun shop in downtown Kingfisher.

14. On or about April 18, 2019, Stitt announced his candidacy for Kingfisher County Sheriff in the November 2020 election.

15. On or about April 19, 2019, Stitt resigned from the Kingfisher County Sheriff's Office.

### II. Defendant Banther's Retaliation towards Defendants for Their Association with J.J. Stitt

#### A. Banther's Wrongful Termination of Plaintiffs and Creation of Hostile Work Environment

16. Between April 19, 2019, and April 22, 2019, upon information and belief, Defendant Banther (or someone acting at Banther's direction) changed the lock to Plaintiff Joe Cox's office at the Kingfisher County Sheriff's Office.

EXHIBIT 2

17. A Kingfisher County Sheriff's Office employee informed Plaintiff Joe Cox that Defendant Banther locked Plaintiff Joe Cox out of Plaintiff Joe Cox's office because of an investigation related to Plaintiff Joe Cox's association with J.J. Stitt.

18. On or about April 23, 2019, Plaintiff Joe Cox met with Defendant Banther to ask why Plaintiff Joe Cox's office locks had been changed.

19. During their conversation on or about April 23, Defendant Banther became angry with Plaintiff Joe Cox, and accused Plaintiff Joe Cox of having prior knowledge of Stitt's decision to run for sheriff.

20. During their conversation on or about April 23, Defendant Banther told Plaintiff Joe Cox that Defendant Banther was angry that Plaintiff Joe Cox did not inform Defendant Banther of Stitt's intent to run for sheriff.

21. During their conversation on or about April 23, Defendant Banther accused Plaintiff Joe Cox of insubordination and not being able to be trusted to do his job because of Plaintiff Joe Cox's association with Stitt. being insubordinate and not being worth of being trusted to do his job because Plaintiff Joe Cox were friends and partners with Stitt. Defendant Banther threatened to terminate Plaintiff Joe Cox's job and Plaintiff Mandy Cox's job.

22. On or about April 24, 2019, Defendant Banther terminated Plaintiff Joe Cox.

23. On or about May 10, 2019, Kingfisher County Undersheriff Barry Reilly ("Undersheriff Reilly") directed Kingfisher County jail employee Ashely Burkett ("Burkett") to write a report about misconduct Plaintiff Mandy Cox may have committed in the course of her employment as Jail Administrator and Burkett's supervisor.

EXHIBIT 2

24. On or about May 14, 2019, Defendant Banther and Undersheriff Reilly met with Plaintiff Mandy Cox. Defendant Banther and Undersheriff Reilly informed Plaintiff Mandy Cox that she was being placed on administrative leave as a result of criminal and administrative investigations related to her job performance.

25. On or about August 26, 2019, Plaintiff Mandy Cox was informed that her employment was being terminated effective August 31, 2019.

26. Plaintiff Mandy Cox was harmed as a result of Defendant Banther's retaliation, being placed on administrative leave, and her termination, including but not limited to lost wages and benefits and emotional and other non-economic damages.

27. Plaintiff Joe Cox was harmed as a result of his termination, including but not limited to lost wages and benefits and emotional and other non-economic damages.

**B.  Defendant Banther's Interference with Blue Country Firearms**

28. Upon information and belief, Defendant Banther improperly directed Kingfisher County Sheriff employees to concentrate their attention and presence on Blue Country Firearms, the business jointly owned by Plaintiffs and Stitt.

29. Upon information and belief, Defendant Banther warned members of the community to cease their patronage of Blue Country Firearms by spreading false information to members of the community about Plaintiffs and Stitt. Specifically, Defendant Banther accused Plaintiffs and Stitt of criminal conduct.

30. Blue Country Firearms experienced a severe decline in business and profits as a result of Defendant Banther's actions, and Plaintiffs have been damaged as a result.

**FIRST CAUSE OF ACTION**

EXHIBIT 2

## FIRST AMENDMENT POLITICAL ASSOCIATION
## (BY BOTH PLAINTIFFS, AGAINST BOTH DEFENDANTS)

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-30 as if fully set forth herein.

32. This cause of action is presented by Plaintiffs, jointly, against both Defendants.

33. Defendants are government/state actors subject to the prohibitions contained in the First Amendment of the United States Constitution, Article 2, Sections 3 and 22 of the Oklahoma Constitution, and 42 U.S.C. § 1983.

34. Plaintiffs were at-will employees employed by the Kingfisher County Sheriff's Office.

35. Plaintiffs engaged in protected speech, exercised their right to freedom of speech, and exercised their right to freedom of association when they supported Stitt in his announcement for candidacy for Kingfisher County Sheriff.

36. Plaintiff Joe Cox engaged in protected speech and exercised his right to freedom of speech when he announced his intent to run for Kingfisher County Sheriff.

37. At the time of Plaintiffs' protected speech and activity, Plaintiffs were acting as private citizens as to matters of public concern.

38. Plaintiffs' speech went beyond their duties as employees of the Kingfisher County Sheriff's Office.

39. Plaintiffs spoke out as citizens to raise awareness of matters of public concern.

EXHIBIT 2

40. Plaintiffs' protected speech and association did not interfere with the efficient or effective operation of the Board or the offices of the Kingfisher County Sheriff.

41. Plaintiffs were terminated from employment as a direct and proximate result of their protected speech and association.

42. Defendant Board and/or Defendant Banther in his official capacity retaliated against Plaintiffs for exercising their right to free speech under 42 U.S.C. § 1983 and the United States and Oklahoma Constitutions.

43. The termination of the Plaintiffs was made by Defendant Banther who, in his official capacity as Kingfisher County Sheriff, is responsible for establishing final policy as to the hiring and firing of Kingfisher County Sheriff's Office employees.

44. A policy or custom of the Kingfisher County Sheriff in his final policy-making capacity is a county policy, such that the Board of County Commissioners of Kingfisher County may be sued.

45. Defendant Banther is subject to suit individually because he acted under color of law to deprive Plaintiffs of rights secured by federal law and the United States and Oklahoma Constitutions.

46. Plaintiff Joe Cox's association with Stitt was a substantial motivating factor in Defendant Banther's decision to retaliate against Plaintiff Joe Cox and terminate Plaintiff Joe Cox.

47. Plaintiff Mandy Cox's association with Stitt and Plaintiff Joe Cox was a substantial motivating factor in Defendant Banther's decision to retaliate against Plaintiff Mandy Cox and terminate Plaintiff Mandy Cox.

EXHIBIT 2

48. Plaintiff Mandy Cox's complaints to other Kingfisher County officials regarding Defendant Banther's harassment and hostile work environment were a substantial motivating factor in Defendant Banther's decision to retaliate against Plaintiff Mandy Cox and terminate Plaintiff Mandy Cox.

49. Defendant Board is the responsive party to Defendant Banther's unlawful conduct in retaliation against Plaintiffs for their political association with Stitt.

50. As a result of the violation of their First Amendment rights, Plaintiffs have lost all of the benefits and privileges of their employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering, and are entitled to all relief necessary to make them whole, including but not limited to actual, compensatory, and punitive damages from Defendants in excess of $75,000.

51. Plaintiffs' activities were protected by the First Amendment to the United States Constitution and Articles 22 and 25 of the Oklahoma Constitution.

### SECOND CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (BY BOTH PLAINTIFFS, AGAINST DEFENDANT BANTHER)

52. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 - 51 as if fully set forth herein.

53. This cause of action is presented by Plaintiffs, jointly, against Defendant Banther.

54. Plaintiffs have an existing business right in their gun shop business, Blue Country Firearms.

EXHIBIT 2

55. Defendant Banther interfered with Plaintiffs' business by:

    a. accusing Plaintiffs of criminal misconduct;

    b. spreading false information to members of the public regarding allegations of criminal misconduct;

    c. by directing Kingfisher County Sheriff Office employees to increase their presence at Plaintiffs' place of business.

56. Defendant Banther's interference with Plaintiffs' business was malicious and wrongful, namely because of Plaintiffs' association with Stitt, Joe Cox's plans to run for Sheriff, Mandy Cox's association with Joe Cox, and Mandy Cox's complaints to the Kingfisher County Commissioners.

57. Defendant Banther's interference was neither justified, privileged, nor excusable.

58. Defendant Banther's interference was not in the interest of Board or the office of Kingfisher County and was of his own interest.

59. As a proximate result of Defendant Banther's interference with Plaintiffs' business relations, Plaintiffs have suffered damages, including but not limited lost business and profits, and are entitled to recover actual, compensatory, and punitive damages from Defendant Banther in excess of $75,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray the Court award Plaintiffs actual, compensatory, and punitive damages, in excess of $75,000, together with any further legal and/or

EXHIBIT 2

equitable relief the Court deems appropriate under the law, including but not limited to Plaintiffs' costs and attorneys' fees.

Respectfully,

*[signature: Rand Eddy]*

Rand C. Eddy, OBA # 11822
MULINIX GOERKE & MEYER, PLLC
210 Park Avenue, Ste. 3030
Oklahoma City, Oklahoma 73102
Telephone: (405) 232.3800
Facsimile: (405) 232.8999
rand@lawokc.com
***Attorney for Plaintiffs***

EXHIBIT 2